# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHAEL J. STEPHENS[1] and    )
KELLIE CLARK,    )
    )
    Plaintiffs,    )    Case No.  CV407-194
    )
v.    )
    )
UNITED STATES OF AMERICA,    )
    )
    Defendant.    )

## O R D E R

Defendant has moved the Court either to require the plaintiffs to provide a more definite statement or to grant an extension of time to respond to plaintiffs' complaint.  (Doc. 11.)  Plaintiffs have responded in partial opposition to the motion.[2]  (Doc. 12.)  For the reasons that follow, defendant's motion for a more definite statement is **GRANTED**.

---

[1] It appears that the alleged IRS violation at the heart of this dispute relates solely to plaintiff Kellie Clark.  It is unclear to the Court how Mr. Stephens is involved in this case.  He appears to be acting as Ms. Clark's attorney in this matter, but he does not claim to be a member of this Court's bar.  Mr. Stephens is advised that the Court has the authority to punish those who engage in the unauthorized practice of law.  L.R. 83.5(c) ("[a]ny person who is not admitted to the bar of this Court . . . and who exercises . . . any of the privileges as a member of its bar, or pretends to be entitled to do so, shall be in contempt of this Court and subjected to appropriate punishment"); see Vaughn v. City of Flint, 752 F.2d 1160, 1168-69 (6th Cir. 1984).  Punishments may include a fine, a period of imprisonment, or both.  18 U.S.C. § 401; Vaughn, 752 F.2d at 1168-69.

[2] Plaintiffs do not oppose defendant's request to extend time for filing an answer. (Doc. 12 at 1.)

Rule 12(e) of the Federal Rules of Civil Procedure permits a court to order a party to recast a pleading that is so vague or ambiguous that the opposing party cannot reasonably prepare a response. The basis for granting a Rule 12(e) motion is unintelligibility. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1376, 1377 (3d ed. 2004). Courts generally disfavor motions for a more definite statement. Id. at 1377. In addition, while pro se litigants are bound by the same rules of procedure and practice applicable to all litigants, the courts afford great lenience to complaints drafted by individuals who are unable to obtain the services of legal counsel. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972).

Even after taking the disfavor for these motions and plaintiff's *pro se* status into account, the complaint is still so "rambling, disjointed and confusing" that it would be difficult, if not impossible, to frame a responsive pleading. (Doc. 11 at 1.) Plaintiffs' complaint appears to relate a simple claim under 26 U.S.C. § 7433 against the United States for an alleged improper levy of taxes. (Doc. 1.) But it frequently meanders into entirely unnecessary legal argument, offers of proof, and requests for discovery. Further confusing matters, plaintiffs filed an "amended complaint" that includes a motion for mediation and offers several additional exhibits and

requests for discovery. (Doc. 7.) Additionally, the "amended complaint" does not contain the original pleading or even make reference to it.[3] (Doc. 7.)

Plaintiffs have attempted to provide the Court with the entire evidentiary presentation they would make should the case go to trial. Such a recitation may be acceptable on a motion for summary judgment, but it is simply too much to present in a complaint. The broadside salvo of fact statements, exhibits, and discovery requests places on defendant the risk of defaulting on any matters which remain buried within the pleading. Plaintiffs, who have demonstrated a thorough knowledge of the facts, could easily recast their complaint to more closely approximate the short and plain statement contemplated by Rule 8. Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief). Consequently, plaintiffs should file a concise and coherent complaint.

Plaintiffs' response in opposition to the motion is inapposite. (Doc. 12 at 2.) They first claim that defendant's motion "come[s] very close to

---

[3] "As a general rule an amended complaint supercedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading." <u>Wilson v. First Houston Inv. Corp.</u>, 566 F.2d 1235, 1237-38 (5th Cir. 1979), <u>vacated on other grounds</u>, 444 U.S. 959 (1979) (citations omitted).

perjury" because a case cited in the motion spends some time discussing the imposition of Rule 11 sanctions for bad faith frivolous filings. (Id. at 1-2.) Defendant, however, cited the case entirely in reference to its discussion of pleading standards under the Federal Rules of Civil Procedure. See Byrne v. Nezhat, 261 F.3d 1075, 1129-1130 (11th Cir. 2001) (discussing "shotgun" pleadings).[4] As defendant does not seek Rule 11 sanctions at this time, plaintiffs' first argument is plainly without merit. Plaintiffs next contend that an order to reframe their complaint would infringe their First and Fourteenth Amendment rights. (Doc. 12 at 2.) The argument is patently frivolous. The Court is in no way ordering the plaintiffs to abandon any legal argument or theory; they are simply directed to present their claims in a clear and concise manner so that the defendants can frame a meaningful response.

Again, the Court is mindful that plaintiffs are unfamiliar with the formalities of legal pleading. Nevertheless, the interests of justice weigh in favor of defendant's motion. Rather than place on defendant the burden of

---

[4] Defendant is advised that plaintiffs' complaint is clearly not a "shotgun" pleading as contemplated by the Eleventh Circuit. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295-96 (11th Cir. 2002) (noting that "the typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"). Regardless, the Court agrees that the complaint is so disjointed as to require a more definite statement.

simplifying the complaint with the attendant risk of defaulting on claims not found or not properly construed, the Court will require the simplification to be done by the party best equipped for the task, the plaintiffs. The Court, therefore, will require plaintiffs to recast their complaint in such a way as to enable defendant to make a proper response.

For the foregoing reasons, defendant's motion for more definite statement is **GRANTED**. Plaintiffs are **ORDERED** to resubmit their complaint, within twenty days of the date of this Order, as a *short* and *plain* statement of the facts showing that they are entitled to relief. The statement of fact should be made in numbered paragraphs. Fed. R. Civ. P. 10(b). And plaintiffs should once again clearly state the relief that they are seeking. Fed. R. Civ. P. 8(a). Plaintiffs need not, and indeed should not, recite their entire evidentiary presentation. Nor should they include discovery requests in their initial pleading. Such requests should be made using the discovery methods laid out in the Federal Rules of Civil Procedure, including interrogatories, depositions, and requests to produce documents and things. Discovery is not appropriate at this time and may only proceed after defendant has responded to plaintiff's complaint.

**SO ORDERED** this 14th day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

\