# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHAEL J. STEPHENS and )
KELLIE CLARK, )
                                 )
    Plaintiffs, )
v. )    Case No. CV407-194
                                 )
UNITED STATES OF AMERICA; )
                                 )
    Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted. (Docs. 17 & 28.) Plaintiffs have responded in opposition to the motion. (Doc. 22.) For the reasons that follow, defendant's motion should be **GRANTED**, and this case should be **DISMISSED**.

## I. BACKGROUND

Plaintiffs co-founded K&M Trucking Co. (Doc. 14 at 5.) At some

undisclosed time, the partnership dissolved, leaving Stephens as the sole owner. (Id.) In 2005, after the partnership was dissolved, the Internal Revenue Service ("IRS") assessed K&M $950.47. (Doc. 1 at 2; Doc. 14 at 5.) On February 17, 2006, First Chatham Bank levied $85.05 in K&M's bank account pursuant to the assessment. (Doc. 1 at 2.) Plaintiffs admit that the levied account was in K&M's name and Stephens is K&M's sole owner, but they allege that the account was held under Clark's social security number and all of the money in it belonged to her. (Doc. 1 at 2; Doc. 14 at 5.) Consequently, they filed a joint complaint on December 19, 2007, asserting that the IRS improperly levied the $85.05. (Doc. 1 at 1-2.) They contend that the allegedly illegal seizure entitles them to over $1,000,000 in damages ($100,000 in the case of negligence) under 26 U.S.C. § 7433.[1] (Doc. 1 at 2-3, 6.)

---

[1] Plaintiffs also allege that the initial assessment was improper. (Doc. 14 at 5.) The Court, however, cannot address the legality of the initial assessment because "taxpayers cannot utilize Section 7433 to contest the assessment of a tax, as opposed to its collection." Sande v. United States, 2008 WL 976954, at *2 (M.D. Fla. Apr. 9, 2008) (citing Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994)). Further litigation of the issue is also likely barred by collateral estoppel, as the claim was already litigated and denied by this Court in Stephens v. United States, No. CV407-152 (S.D. Ga. Nov. 15, 2007).

## II. ANALYSIS

Defendants move to dismiss the complaint for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted. (Docs. 17 & 28.) The Court will address each of these contentions in turn.

### A. Insufficiency of Service of Process

Defendant first contends that service of process was insufficient under Rule 4(i) of the Federal Rules of Civil Procedure because plaintiffs failed to effect service upon the United States Attorney General and the IRS. (Doc. 17.) Defendant's argument is meritless. Because plaintiffs are proceeding *in forma pauperis*, service was effected by the U.S. Marshal pursuant to Rule 4(c)(3). It is well established that courts should not penalize an *in forma pauperis* plaintiff for the marshal's failure to effect proper service when the plaintiff is unaware of the defect in service and the defect is not attributable to his actions. Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990); Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 447 (5th Cir. 1996). Defendant does not allege that plaintiffs were aware of the defect in service or that it was in any way attributable to their actions. Without such

a showing, plaintiffs are entitled to an opportunity to cure the defect. Lindsey, 101 F.3d at 447. Consequently, dismissal is not warranted for their failure to effect proper service.

**B.     Subject Matter Jurisdiction**

Defendant next contends that the Court lacks subject matter jurisdiction to hear this case. (Doc. 17 at 3.) Accordingly, it argues that this case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Id.)

The United States, as sovereign, is immune from suit in the absence of its consent. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Sherwood, 312 U.S. 584, 586 (1941). It has consented to civil actions against it for improper tax levies, but its waiver is conditioned upon the litigant properly exhausting all available administrative remedies.[2] 26 U.S.C. § 7433(d)(1). Exhaustion requires litigants to give the IRS an opportunity to resolve the clam through its administrative process before

---

[2] As a result of its sovereign status, the United States may define the terms and conditions upon which a litigant may proceed when filing suit against it. United States v. Testan, 424 U.S. 392, 399 (1976); see also Library of Congress v. Shaw, 478 U.S. 310, 318 (1986), superseded by statute, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, 1099. When the United States waives its immunity, courts strictly construe the waiver and will not imply exceptions. Testan, 424 U.S. at 399; United States v. Nordic Village, Inc., 503 U.S. 30, 34-35 (1992).

4

filing suit in a federal district court. Id. Defendant asserts that nothing in plaintiffs' amended complaint shows that they filed a proper administrative claim with the IRS or that the IRS denied their claim for damages under § 7433.[3] (Doc. 17 at 4.) Consequently, defendant argues that plaintiffs have failed to establish a fundamental jurisdictional prerequisite to obtaining relief under § 7433 and that the case should be dismissed for failure to allege subject matter jurisdiction. Dorn v. United States, 249 F. App'x 164, 166 (11th Cir. 2007); see Klauer v. United States, 2007 WL 4206602, at *4-6 (M.D. Fla. Nov. 27, 2007).

An attack on subject matter jurisdiction can be facial or factual. Garcia v. Copenhaver. Bell & Assoc., 104 F.3d 1256, 1260 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks require a court to determine whether the plaintiff has alleged proper subject matter jurisdiction. Garcia, 104 F.3d at 1261. "'Factual

---

[3] On March 14, 2008, defendant moved the Court to order plaintiffs to provide a more definite statement of their claim. (Doc. 11.) The Court granted the motion on April 14, 2008. (Doc. 13.) On April 29, 2008, plaintiffs submitted a document entitled "more definite statement." (Doc. 14.) Defendant has characterized this as an amended complaint and bases most of its arguments upon the statement's failings. (Doc. 17.) As plaintiffs are proceeding *pro se*, however, the Court will read the filings as a single complaint. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (a *pro se* complaint is held to a less stringent standard than pleadings drafted by lawyers).

attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id. (quoting Lawrence, 919 F.2d at 1529); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004). Here, the defendant makes a facial attack, stating that "[n]othing in the Amended Complaint shows Plaintiffs filed a proper administrative claim with the IRS under section 7433 or that the IRS denied their claim for damages under section 7433."[4] (Doc. 17 at 5.)

Plaintiffs state that "[w]e did file and [sic] administrative claim and it was denied." (Doc. 1 at 2.) Included as an attachment to the original complaint is a copy of the first page of their letter to the IRS, which appears to be in compliance with the Treasury Regulations' requirements

---

[4] Plaintiffs argue that defendant's motion to dismiss on this ground amounts to perjury, obstruction of justice, and a violation of defense counsel's oaths of office, because defense counsel allegedly knew that plaintiffs exhausted their administrative remedies. (Docs. 22 & 23.) Defendant, however, is technically correct; nothing in the "more definite statement" indicates that the plaintiffs exhausted their administrative remedies. (Doc. 14.) Consequently, plaintiffs' argument is frivolous. Their motions to enjoin defense counsel and to amend the complaint to add defense counsel as defendants are **DENIED**.

for administrative exhaustion under 26 C.F.R. § 301.7433-1(e).[5] (Doc. 1 Ex. 2.) As the Court must take plaintiffs' allegations as true, dismissal is not warranted on this ground. Garcia, 104 F.3d at 1261.

C.  **Failure to State a Claim**

Defendant alleges that plaintiffs fail to state a claim upon which relief may be granted, requiring the dismissal of their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 17 at 5.)

When considering a 12(b)(6) motion, a court must examine the complaint in the light most favorable to the nonmoving party, accepting the nonmoving party's factual allegations as true and drawing all reasonable inferences in his favor. White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999); Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997), rev'd on other grounds, 526 U.S. 629 (1999). But a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127

---

[5] In assessing a facial attack on subject matter jurisdiction, a district court may look to the pleadings and attached exhibits. Lopez v. Sec'y, Dep't of Homeland Sec., 2007 WL 2728353, at *1 (M.D. Fla. Sept. 17, 2007); see Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008) ("Our review of the record establishes that the district court considered only the complaint and the attached exhibits and treated ORHS's motion as a facial attack on the complaint.").

S.Ct. 1955, 1964-65 (2007). That is, the complaint must have "enough facts to state a claim to relief that is plausible on its face;" if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." Id. at 1974. Nevertheless, pleadings by *pro se* litigants, like the plaintiffs here, are generally held to less stringent standards than formal pleadings drafted by trained attorneys and are construed more liberally in resolving motions to dismiss. Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

In order to successfully state a claim under 26 U.S.C. § 7433, the taxpayer must allege that an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregard[ed] any provision of this title, or any regulation promulgated under this title." Plaintiffs enthusiastically provide the Court with eleven provisions that the IRS allegedly disregarded in issuing the levy. (Docs. 1 & 14.) But they provide no *facts* establishing that the person responsible for the levy was an officer or employee of the IRS or that any government official intentionally, recklessly, or negligently disregarded

any of the eleven provisions they cite.[6]

Plaintiffs do not allege that "any officer or employee" of the IRS was involved in the issuance of the levy. They state that Mary Hannah signed the bank's notice of levy, but they do not allege that she was an IRS employee.[7] (Doc. 1 at 2.) Nor do they allege that any John or Jane Doe IRS employee had anything to do with issuing the allegedly illegal levy. They only allege that the bank notified them of an IRS levy and then seized the $85.05 and sent it to the IRS. (Id.) Even if plaintiffs had included such an unnamed IRS employee in their complaint, plaintiffs have not alleged any facts indicating that the employee intentionally, recklessly, or negligently disregarded any IRS provision. (Id.) Instead, they conclusorily allege that the tax assessment and subsequent levy were both rife with procedural and legal errors, so some employee must have

---

[6] Plaintiffs provide the Court with several "fact sheets," but the sheets simply show certain IRS transactions and then pose a series of discovery questions. (Doc. 1 at 7-10.) These "fact sheets" fail to provide any support for plaintiffs' claims. In fact, the Court granted defendant's motion for a more definite statement because of this ambiguity, yet plaintiffs failed to respond to that order with any clear factual basis underlying their contentions. (Docs. 13, 14.)

[7] As the notice of levy was issued by the bank, Hannah is likely a bank employee. Moreover, plaintiffs indicate that Hannah may not even exist, as they believe that Mary Hannah is a "computer generated name." (Doc. 1 at 2.)

intentionally, recklessly, or negligently disregarded one of the provisions listed in their pleadings. (Docs. 1 & 14.) "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1264-65 (citations omitted); S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) ("As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."). As plaintiffs have not alleged any facts in support of their claim, their complaint should be dismissed.

## III. CONCLUSION

For all of the reasons explained above, defendant's motion should be **GRANTED**, and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 4th day of August, 2008.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA