# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHAEL J. STEPHENS and )
KELLIE CLARK, )
　　　　　　　　　　　　　　　　　)
　　Plaintiffs, )
　　　　　　　　　　　　　　　　　)
v. ) Case No. CV407-194
　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA, )
　　　　　　　　　　　　　　　　　)
　　Defendant. )

## **REPORT AND RECOMMENDATION**

On August 13, 2008, the Court dismissed plaintiffs' complaint for failure to state a claim for relief. (Doc. 34.) After the Eleventh Circuit dismissed their appeal for want of prosecution, plaintiffs filed a Rule 60(b) motion seeking relief from this Court's dismissal of their action. (Doc. 41.) The government has responded in opposition to the motion. (Doc. 42.)

Plaintiffs filed suit under 26 U.S.C. § 7433, which provides a civil remedy for certain unauthorized tax collections. (Doc. 1.) They contend that they have presented new evidence that warrants the reopening of their § 7433 action. (Doc. 41 at 1.) Their new evidence, however, is of questionable relevance, as it addresses the assessment rather than the

collection of taxes. (Id. at 6-25.) Moreover, the evidence could have been discovered within ten days of the entry of judgment had the plaintiffs used reasonable diligence, as required by Rule 60(b)(2).[1]

Plaintiffs also argue that they presented a "proper claim," so the Court's judgment dismissing the case violated their civil rights, including their First Amendment right to petition the Government for a redress of grievances, their Fifth and Fourteenth Amendment Due Process and Equal Protection rights, their Thirteenth Amendment right to be free from involuntary servitude, and their right to a jury trial. (Doc. 41 at 2-5.) They also contend that the Eleventh Circuit's dismissal of their appeal for failure to prosecute violated their right to appeal. (Id. at 3.) Based upon these alleged civil rights violations, plaintiffs contend that the judgment of dismissal should be set aside under Rule 60(b) based upon a mistake, new evidence, and fraud by the United States. (Id. at 2-5.) In addition, they contend that the judgment is void and that it is subject to reversal under Rule 60(b)(6), which permits reversal for "any other reason justifying

---

[1] Plaintiffs made Freedom of Information Act requests, wrote letters to the IRS, and met with field agents, all of which could have been accomplished at any time between the allegedly improper tax collection and the dismissal of this action. (Doc. 41 at 6-25.)

relief." (Id.) Plaintiffs' reasoning is circular. Their claim was not "proper." The complaint did not allege all of the elements required to proceed under the statute, so all of the alleged civil rights violations are imagined. (Doc. 30.)

Nothing in the present motion, including the "new" evidence, calls the Court's analysis into question, and plaintiffs' long recitation of their rights has not persuaded the Court that the judgment rested upon a mistake, fraud on the part of the United States, or any jurisdictional defects. Nor have plaintiffs shown any extraordinary circumstances justifying relief under Rule 60(b)(6). Accordingly, plaintiffs' motion should be **DENIED**.[2]

**SO REPORTED AND RECOMMENDED** this 5th day of January, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] As the Court recommends that plaintiffs' Rule 60 motion be denied, plaintiffs' motion for an extension of time to reply to defendant's brief in opposition is **DENIED** as moot. (Doc. 43.)

3